UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES JERMEL SUTTON,

                    Petitioner,                Case No. 5:06-cv-169

v.                                    Honorable Richard Alan Enslen

THOMAS BIRKETT,

                    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because Petitioner fails to raise a meritorious federal claim.

**Discussion**

I.      Factual allegations

Petitioner, who is represented by counsel in this action, is incarcerated in the Standish Maximum Correctional Facility.  On March 19, 2002, Petitioner pleaded guilty in the Grand Traverse County Circuit Court to possession of 225 to 650 grams of cocaine.  The underlying offense occurred on June 12, 2001.  On April 19, 2002, the trial court sentenced Petitioner to imprisonment of twenty to thirty years, consistent with the mandatory minimum sentences prescribed at that time by Michigan's controlled substances law, MICH. COMP. LAWS § 333.7403(2)(a)(ii).  The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's application for leave to appeal on May 27, 2003 and October 31, 2003, respectively.

Petitioner subsequently filed a motion for relief from judgment in the Grand Traverse County Circuit Court.  In his motion, Petitioner argued that appellate counsel was ineffective for failing to argue that he was entitled to resentencing under the amended sentencing provisions of Michigan's controlled substances law, which became effective on March 1, 2003 pursuant to 2002 P.A. 665.  Public Act 665 went into effect after Petitioner was sentenced but before the Michigan Court of Appeals denied his application for leave to appeal.  Under the amended statute, Petitioner claims that his sentence would be reduced to thirteen-and-a-half to twenty years.  The trial court held that Petitioner was properly sentenced under the statute and denied his motion on May 5, 2004.

Petitioner filed a delayed application in the Michigan Court of Appeals.  In an unpublished opinion issued on December 22, 2005, the Michigan Court of Appeals affirmed the decision of the circuit court.  *See People v. Sutton*, No. 245284, 2005 WL 2500842 (Mich. Ct. App. Dec. 22, 2005).  The court of appeals noted that Petitioner's issue was framed as a claim of

ineffective assistance of appellate counsel, but the ruling on review was the trial court's denial of Petitioner's motion for relief from judgment. *Id.* at *1.  Relying on its decision in *People v. Doxey*, 687 N.W.2d 360, 364 (Mich. Ct. App. 2004), the court of appeals stated that the amended statutory provisions apply only to offenses committed on or after the effective date of the legislation, March 1, 2003.  *Sutton*, 2005 WL 2500842, at *1. The court of appeals concluded that because Petitioner's offense occurred before March 1, 2003, the amended provision did not apply to Petitioner. *Id.*  The court specifically rejected Petitioner's contention that he was entitled to the benefit of the more favorable sentencing provisions because his appeal was pending on direct appeal at the time of the amendment. *Id.* at *2.  The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 31, 2006.

Petitioner now raises the following grounds for habeas corpus relief: (1) the state courts erred in not applying the amended statute to Petitioner's sentence, and (2) appellate counsel was ineffective for failing to argue that Petitioner should be sentenced under the amended statute.

II.    Merits

In his first ground for habeas corpus relief, Petitioner contends that the state circuit court should have re-sentenced him under the new, more lenient sentencing provisions of Michigan's controlled substances law.  He argues that the amended provisions apply to his case because they took effect while his direct appeal remained pending.

A habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground.  *See Bowen v. Romanowski*, No. Civ. 05-CV-72754-DT, 2005 WL 1838329, at *2 (E.D. Mich. Aug. 2, 2005) (*citing Dockins v. Ilines,* 374 F.3d 935, 940 (10th Cir.

- 3 -

2004).  In addition, the Michigan Court of Appeals has held that the new sentencing provisions should be applied only prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003.  *See Doxey,* 687 N.W.2d at 364.  Petitioner does not deny that the offense that he was convicted of occurred prior to the enactment date of 2002 P.A. 665.  Because the Michigan Court of Appeals has held that the provisions of 2002 P.A. 665 do not apply retroactively, Petitioner's claim that the trial court should have sentenced him under the amended penalties does not merit habeas relief.  *See Bowen,* 2005 WL 1838329, at *2 (citing *Snook v. Wood,* 89 F.3d 605, 611 (9th Cir. 1996)).  Petitioner argues that *Doxy* was wrongfully decided, but interpretations by state courts of their own criminal statutes are binding on the federal courts.  *See Nelson v. O'Dea,* No.  95-6340, 1996 WL 452864, at *1 (6th Cir. Aug. 8, 1996) (citing *Smith v. Sowders*, 848 F.2d 735, 739 (6th Cir. 1988)).  Consequently, this Court is bound by the Michigan Court of Appeals' decision in *Doxy.*

Petitioner further claims that the failure to apply the amended statute to his sentence violates his equal protection rights.  He argues that the state "intentionally treated the Petitioner different based upon an arbitrary basis."  Plaintiff's argument is flawed.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  With regard to sentencing under Michigan's controlled substances law, Petitioner has been treated the same as "similarly situated" offenders, i.e., those who committed their offenses before March 1, 2003.  Because all prisoners who committed violations of the controlled substances statute before March 1, 2003, were sentenced under the old sentencing provisions, Petitioner fails to state a claim under the Equal Protection Clause.

Petitioner also argues that the "rule of lenity" requires application of the amended statute to his case. The rule of lenity applies when a statutory term is ambiguous and cannot be clarified by the statute's history or structure. *See United States v. Boucha,* 236 F.3d 768, 774 (6th Cir. 2001). However, this Court has no power to apply the rule of lenity to grant Petitioner habeas relief, because the rule is one of statutory interpretation and nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute. *See Bowen,* 2005 WL 1838329, at *2.

In his second ground for habeas corpus relief, Petitioner claims that his appellate counsel was ineffective for failing to argue that Petitioner should be sentenced under the amended statute. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

As discussed above, the Michigan Court of Appeals has held that the amended sentencing provisions apply only prospectively and only to those offenses committed on or after the effective date of the legislation, March 1, 2003. *See Doxey,* 687 N.W.2d at 364. Because Petitioner committed his offense before March 1, 2003, any attempt by appellate counsel to seek re-sentencing under the amended statute would have been futile. Appellate counsel was not deficient for failing to raise a meritless claim. *See Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004) (where claim

- 5 -

of prosecutorial misconduct lacks merit, counsel is not ineffective in declining to raise issue on appeal); *Buell v. Mitchell*, 274 F.3d 337, 351 (6th Cir. 2001) ("Buell's appellate counsel was not deficient for failing to raise on direct appeal nonfrivolous claims after deciding as a matter of professional judgment not to raise those points."). Petitioner, therefore, was not denied the effective assistance of appellate counsel.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: November 30, 2006                                    /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).