UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JERMEL SUTTON,             Case No. 5:06-cv-169

    Petitioner,               Hon. Richard Alan Enslen

v.

THOMAS BIRKETT,

                             **JUDGMENT**

    Respondent.     /

        This matter is before the Court on Petitioner James Jermel Sutton's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of November 30, 2006, which recommended Petitioner's claims be dismissed for failure to raise a meritorious federal claim. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

        Petitioner objects to the Magistrate Judge's conclusion that his habeas claims were "frivolous" under Rule 4, RULES GOVERNING 2254 CASES. However, the Magistrate Judge found that the petition plainly appeared from its face that Petitioner was not entitled to relief in accordance with Rule 4. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding a district court has the duty to screen out petitions that lack merit on their face). A petition for writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be subject to dismissal. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Therefore, Petitioner's first objection fails.

        Petitioner further objects to the Magistrate Judge's recommendation of dismissal, asserting that the Magistrate Judge failed to analyze the issue of whether the statute in question should be given retroactive effect. Petitioner submits that the state appellate court erred when it did not apply

the federal standard set forth in *Fernandez-Vargas v. Gonzalez*, 126 S. Ct. 2422, 2428 (2006).[1] However, the Magistrate Judge did address this issue, properly finding that a habeas petitioner serving a state sentence has no federal constitutional right to retroactive application of more lenient state sentencing rules and is therefore not entitled to federal habeas relief on that ground. *See Bowen v. Romanowski*, 2005 WL 1838329 (E.D. Mich. Aug. 2, 2005) (quoting *Dockins v. Ilines*, 374 F.2d 935, 940 (10th Cir. 2004)).[2] Petitioner has failed to set forth, nor could he, any relevant case law, which contradicts this conclusion.

Further, the Michigan Court of Appeals explicitly held that the provisions of 2002 P.A. 665 do not apply retroactively in *People v. Doxey*, 687 N.W.2d 360 (Mich. App. 2004). Interpretations by state courts of their own criminal statutes are binding on federal courts. *See Smith v. Sowders*, 848 F.3d 735, 739 (6th Cir. 1988). There is no question that Petitioner's offense occurred prior to the enactment date of 2002 P.A. 665, and because the Michigan Court of Appeals has held the amended provisions of the Act do not apply retroactively, such a claim does not merit habeas relief. *See Bowen*, 2005 WL 1838329, at *2. As a result, this Court is bound by the decision of the Michigan Court of Appeals in *Doxey*, and Petitioner's objection fails.

---

[1]The analytical framework used in *Fernandez-Vargas*, is (1) did the legislature unambiguously state that the statute was to be applied retroactively; if not then (2) does the statute "affect substantive rights, liabilities, or duties on the basis of conduct arising before its enactment"? *Id*.

[2]The Court notes that *Bowen* addressed the exact claims in Petitioner's habeas petition, where a prisoner claimed the more lenient sentencing provisions of 2002 P.A. 665 should be applied retroactively and that the federal "rule of lenity" should also apply. *Id*.

The Court also finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. *Slack v. McDaniel*, 529 U.S. 473 (2000). Accordingly, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner James Jermel Sutton's Objection to the Report and Recommendation (Dkt. No. 7) is **DENIED** and the Report and Recommendation (Dkt. No. 6) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** for failure to raise a meritorious federal claim.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability as to all issues asserted in his Petition.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 22, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |